# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Juan M. Geigel Crespo | : | |
| 835 Chestnut Street | : | |
| Collingdale, PA 19023 | : | TRIAL BY JURY DEMAND |
| | : | |
| Plaintiff. | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| Collingdale Borough | : | |
| 800 MacDade Blvd | : | |
| Collingdale, PA 19023 | : | |
| | : | |
| PO Donald Beese | : | |
| 800 MacDade Blvd | : | |
| Collingdale, PA 19023 | : | |
| | : | |
| PO Micheal Clark | : | |
| 800 MacDade Blvd | : | |
| Collingdale, PA 19023 | : | |
| | : | |
| PO Colin Richers | : | |
| 800 MacDade Blvd | : | |
| Collingdale, PA 19023 | : | |
| | : | |
| and | : | |
| | : | |
| John Doe Police Officer | : | |
| 800 MacDade Blvd | : | |
| Collingdale, PA 19023 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION

## COMPLAINT

Plaintiff by and through his attorney Brian J. Zeiger, Esquire, hereby alleges the following:

1

## JURISDICTION & VENUE

1. Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2. Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times relevant hereto the Plaintiff Juan M. Geigel Crespo is an adult resident of Pennsylvania who lives at 835 Chestnut Street, Collingdale, PA 19023.

4. Defendant Collingdale Borough, which is a municipality in Delaware County, PA, conducting business at 800 MacDade Blvd, Collingdale, PA 19023, duly organized and existing under the laws of the Commonwealth of Pennsylvania.

5. Defendants Beese, Clark, Richers are believed to be adult citizens of Pennsylvania conducting business at 800 MacDade Blvd, Collingdale, PA 19023. The Defendants are believed to be police officers and are being sued in their individual capacity, hereinafter referred to as the "individual defendants".

6. John Doe Police Officer is believed to be an adult citizen of Pennsylvania whose business address is unknown, who is being sued in his individual capacity, who is hereby also incorporated as an "individual defendant."

7. At all times material hereto, the defendant police officers acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the of the Municipal Defendant.

## FACTUAL BACKGROUND

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

8. On or about October 12, 2022, Plaintiff was lawfully present at his home located at 835 Chestnut Street, Collingdale, PA 19023.

9. On or about that same date, his significant other, Jeanette Quinones-Perry, called for help in regard to Plaintiff's mental health issues—to have Plaintiff 302'd.

10. The individual Defendants arrived at the scene.

11. However, instead of helping Plaintiff, they beat him, causing him serious bodily injury; and, they falsely arrested him and fabricated probable cause to justify false arrest: charges ultimately dismissed.

12. More specifically, Plaintiff was seated on an outdoor enclosed porch at his home when the Defendants arrived.

13. Plaintiff peacefully spoke with the officers for some time.

14. The Defendants told Plaintiff they were taking him into their custody so he could be treated for a mental health disorder (hereinafter "302'd").

15. Eventually, Plaintiff agreed to go with Defendants voluntarily so long as he was permitted to say goodbye to his family.

16. The Defendants refused Plaintiff's reasonable request to say goodbye to his family and assaulted Plaintiff.

17. As a result of the assault, Plaintiff suffered serious bodily injury to his Achilles tendon, rotator cuff, and back.

18. As a result of the assault, Plaintiff requires multiple surgeries to his Achilles tendon and his shoulder.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

19. The Defendants then invented facts to justify the false arrest of the plaintiff, and had Plaintiff falsely charged with various crimes against the Commonwealth, where Plaintiff served time in custody as a result of the erroneous charges.

20. Further, Plaintiff avers, at the time of incident giving rise to the instant action four police officers were present on the scene who all beat him and caused him to be falsely charged, yet only three police officers names are on the paperwork associated with the false arrest.

21. Plaintiff believes and therefore avers the omission of the fourth police officer's true identity (John Doe Defendant) is intentional and nefarious, with the aim of obscuring the fourth officer's identity.

22. Plaintiff avers the named individual Defendants conspired to intentionally omit John Doe's name from the police paperwork in order to hide their misdeeds.

23. All charges against Plaintiff were eventually dismissed by the prosecutor.

24. Collingdale Borough has a distinguished history of police misconduct.

   a. In *Myrick v. Collingdale, et al.*, 11-cv-02791 (Collingdale police officers used excessive force against Plaintiff, maliciously prosecuted Plaintiff, and falsely arrested Plaintiff).

   b. In *Brown v. Ridley, et al.*, 14-cv-05874 (Collingdale police officers used excessive force against Plaintiff, maliciously prosecuted Plaintiff, and falsely arrested Plaintiff)

   c. In *Donahue v. Borough of Collingdale et al.* 22-cv-1695, the same Defendant Richers as the matter at bar, used excessive force to accomplish his goals of maintaining law and order in the Commonwealth of Pennsylvania when

conducting an unauthorized high-speed auto chase that led to the death of an unrelated civilian in a motor vehicle; i.e an innocent bystander.

25. Defendant Beese has a history of mendacious swearing of untruths against the citizens of the Commonwealth of Pennsylvania. *See e.g. Wigo v. CED*, 13-cv-05657. (When he was a Corrections Officer at George W. Hill Prison, he was involved in fabricated charges against an inmate).

26. The individual Defendants were not adequately trained and/or supervised on how to handle noncriminal interactions with the public in Collingdale, Borough.

27. The failure to implement changes to procedures and the failure to supervise were the direct cause of the injuries suffered by the Plaintiff in this case. The individual Defendants Defendant knew they could use excessive force without consequence. Rather than change policy, practice, or pattern of practice or custom stemming from the widespread use of excessive force, Collingdale Borough continued with the normal course of excessive force and false arrest against their citizens.

28. Despite full knowledge of the history of excessive use of force and unlawful arrests, by Collingdale police, especially involving citizens in mental health crisis, the Police Chief and other policymakers for the Collingdale Borough failed to address defective use of excessive force and arrest practices in execution of 302 calls.

<u>**COUNT I -**</u>
<u>**VIOLATION OF 42 U.S.C. § 1983**</u>
<u>**ALL DEFENDANTS**</u>

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

29. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

30. Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

31. Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. §1983, and have deprived Plaintiff of her rights, privileges, and/or immunities secured by the Constitution and laws of the United States, including his right to bodily integrity and his right to be free from illegal seizure.

32. Defendants also violated Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution by illegally seizing his person and using excessive force against him.

33. On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to the Plaintiff. Defendants' actions as stated herein denied Plaintiff's rights in violation of the United States Constitution and 42 U.S.C. § 1983.

34. Defendants also violated and conspired to deprive Plaintiff of his Due Process rights of Access to Courts by concealing their true identities and any identities of any unknown parties related to this action.

35. Defendants' actions were a factual cause of and/or directly and proximately caused Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff demands judgment for compensatory against all Defendants and punitive damages against all individual Defendants for such sums as would reasonably and

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages for the individual defendants, and declaratory and injunctive relief.

### COUNT II - EXCESSIVE FORCE - 42 U.S.C. § 1983
### INDIVIDUAL DEFENDANTS

36. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

37. Plaintiff believes and therefore avers that the force used upon him was unnecessary and more force than was reasonable and necessary under the circumstances.

38. Plaintiff believes and therefore avers that Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions, deprived Plaintiff of his constitutional and statutory rights.

39. Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred Twenty Five Thousand ($150,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

### COUNT III - VIOLATION OF 42 U.S.C. § 1983
### CONSPIRACY TO DEPRIVE PLAINTIFF OF HIS DUE PROCESS RIGHT OF ACCESS TO COURTS - INDIVIDUAL DEFENDANTS

40. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this

7

Levin & Zeiger LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 191029
215.546.0340

Complaint and incorporates them herein by reference as if the same were set forth at length.

41. Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

42. Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. §1983, and have deprived Plaintiff of her rights, privileges, and/or immunities secured by the Constitution and laws of the United States, including his right to bodily integrity and his right to be free from illegal seizure.

43. On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to the Plaintiff. Defendants' actions as stated herein denied Plaintiff's rights in violation of the United States Constitution and 42 U.S.C. § 1983.

44. Defendants also violated and conspired to deprive Plaintiff of his Due Process rights of Access to Courts by concealing and/or destroying a video of the incident, and concealing their true identities and the true identities of any unknown parties related to this action.

45. Defendants' actions were a factual cause of and/or directly and proximately caused Plaintiff's substantial damages and harm.

WHEREFORE, Plaintiff demands judgment for compensatory against all Defendants and punitive damages against all individual Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Three Hundred Fifty Thousand ($350,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages for the individual defendants, and declaratory and injunctive relief.

### COUNT IV - UNCONSTITUTIONAL SEIZURE OF PERSON

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

## UNDER 42 U.S.C. § 1983
## PLAINTIFF v. INDIVIDUAL DEFENDANTS

46. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

47. Plaintiff did not commit any criminal offense related to his arrest, detention, and prosecution.

48. Defendant did not have any probable cause to believe the Plaintiff committed any criminal offense.

49. No reasonable police officer would believe probable cause existed to arrest the Plaintiff.

50. The Defendant intentionally, maliciously, and falsely arrested the Plaintiff with reckless disregard for Plaintiff's constitutional rights.

51. The false arrest and illegal seizure of the Plaintiff was a violation of his Fourth Amendment rights under the United States Constitution.

52. Defendants acted in concert and conspiracy with each other to deprive the Plaintiff of her liberty.

53. As a direct result of Defendants' intentional and malicious conduct, Plaintiff was seized and held on false criminal charges and suffered associated deprivations of liberty.

54. As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life all to her great detriment and loss.

55. As a direct and proximate result of the aforementioned act and conduct of the defendant, Plaintiff has incurred other financial expenses to which she may otherwise be entitled to

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

recover.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT V VIOLATION OF 42 U.S.C. § 1983
## MALICIOUS PROSECUTION

56. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

57. Defendants caused Plaintiff to be charged with crimes he did not commit.

58. The criminal charges against Plaintiff were dismissed and the case terminated in the Plaintiff's favor.

59. Defendants initiated criminal charges against Plaintiff without probable cause.

60. Defendants knew no probable cause existed but intentionally and maliciously pursued false charges against Plaintiff.

61. Defendants caused Plaintiff to be prosecuted for a purpose other than seeking justice.

62. Defendants made false assertions in order to justify the false arrest of Plaintiff and to support their intentional malicious prosecution of Plaintiff.

63. As a direct result of Defendants' intentional and malicious conduct, Plaintiff was seized and held on false criminal charges and suffered associated deprivations of liberty in violation of the Fourth Amendment to the United States Constitution.

64. As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life all to his great detriment and loss.

65. As a direct and proximate result of the aforementioned act and conduct of the defendants, Plaintiff has incurred other financial expenses to which he may otherwise be entitled to recover.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT VI - CONSPIRACY UNDER 42 U.S.C. § 1983

66. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

67. The Defendants in this matter conspired to deprive the Plaintiff of his constitutional rights.

68. The Defendants took overt steps in furtherance of the conspiracy to falsely arrest and maliciously prosecute the Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

# COUNT VII –
# MONELL CLAIM UNDER 42 U.S.C. § 1983
# DEFENDANT BOROUGH OF COLLINGDALE

69. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

70. Defendant Borough of Collingdale, through its police department, established, knew of, and acquiesced to policies, procedures, and customs that Defendants knew or should have known would lead to violations of citizens' constitutional rights.

71. The decision makers of the Defendant Borough of Collingdale, who made, enforced, or turned a blind eye, to the defective policies, procedures, and customs, including but not limited to the head of the police force, the mayor, and the individual defendants' direct supervisors on the night in question.

72. Defendant Borough of Collingdale, through its police department, acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

73. Defendant Borough of Collingdale, through its police department, did not properly establish a policy regarding peaceful citizens struggling with mental health issues.

74. Defendant Borough of Collingdale, through its police department, did not properly establish a policy regarding use of force in 302 situations.

75. Defendant Borough of Collingdale, through its police department, did not properly establish a policy regarding if and when a police officer can use force in a 302 situation.

76. Defendant Borough of Collingdale, through its police department, did not properly display the names and badge numbers of police officers during in the matter at bar, and

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

intentionally omitted one of the police officer's names from the police report, intentionally to prevent citizens from exercising their due process rights of access to courts.

77. Defendant Borough of Collingdale, through its police department, did not properly train its police force to properly activate, employ, and save video footage from the prison.

78. Defendant Borough of Collingdale, through its police department, did not properly train and supervise its police office not to falsely arrest and put fake charges on citizens in need of mental health treatment to cover up their covert illegal actions, i.e., excessive force.

79. The Plaintiff believes and therefore avers the Defendant Borough of Collingdale, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' rights when being 302'd and needing help from law enforcement.

80. Defendant Borough of Collingdale, knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

81. By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant Borough of Collingdale condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

82. The conduct of Defendant Borough of Collingdale and/or the conduct of defendants' employees or agents, and/or policy maker for the Defendant Borough of Collingdale, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

    Respectfully submitted,

    /s Brian J. Zeiger
    BRIAN J. ZEIGER, ESQUIRE
    Identification No.: 87063

    /s Lyandra Retacco
    LYANDRA RETACCO, ESQUIRE
    Identification No.: 208477

    LEVIN & ZEIGER, LLP
    1500 JFK Blvd, Suite 620
    Philadelphia, Pennsylvania 19102
    215.546.0340